

UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN DISTRICT__

| | |
|---|---|
| __ANTHONY JONES__,<br><br>Petitioner,<br><br>v.<br><br>__WILLIAM BARR__, ATTORNEY GENERAL;<br>__CHAD WOLF__<br>SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY;<br>__WILLIAM JOYCE__,<br>U.S. ICE FIELD OFFICE DIRECTOR FOR THE __NEW ORLEANS__ FIELD OFFICE;<br>and WARDEN OF IMMIGRATION DETENTION FACILITY,<br><br>Respondents. | Civil Action No. __5:19-cv-151-KS-MTP__ |

PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

Petitioner, __ANTHONY JONES__, hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

### CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at the

1

_ADAMS COUNTY CORRECTIONAL CENTRE_ in
_WASHINGTON, MISSISSIPPI_.
_P.O. Box 1600, MS 39190_.

Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 - 500 (1973), venue lies in the United States District Court for the

_SOUTHERN DISTRICT_, the judicial district in which Petitioner resides.

## PARTIES

6. Petitioner is a native and citizen of _BAHAMAS_. Petitioner was first taken into ICE custody on _APRIL 11, 2019_, and has remained in ICE custody continuously since that date. Petitioner was ordered removed on _NOVEMBER 8, 2006 AND RELEASED FROM CUSTODY NOVEMBER 13, 2007 ON ORDER OF SUPERVISION_

7. Respondent _WILLIAM BARR_ is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, _WILLIAM BARR_ has ultimate custodial authority over Petitioner.

8. Respondent _CLAD WOLF_ is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, _CLAD WOLF_ is the legal custodian of Petitioner.

9. Respondent _WILLIAM JOYCE_ is the Field Office Director of the _NEW ORLEANS_ Field Office of ICE and is Petitioner's immediate custodian. See Vásquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, 122 S. Ct. 43 (2001).

3

10. Respondent Warden of ADAMS COUNTY CORRECTIONAL CENTER, where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

11. Petitioner, ANTHONY JONES, is a native and citizen of BAHAMAS. Petitioner has been in ICE custody since APRIL 11, 2019 ~~An Immigration Judge ordered the Petitioner removed on~~ NOVEMBER 8, 2006 IN 2006 PETITIONER SPOKE WITH NICOLE GIBSON FROM

12. THE BAHAMAS CONSULATE AT KROME DETENTION CENTER ABOUT ISSUING TRAVEL DOCUMENTS, SPOKE TO HER IN PERSON. NOVEMBER 8, 2006 PETITIONER waived His rights in Immigration court, and was deported See EXHIBIT (A) DURING 2007, WHILE ON SUPERVISION PETITIONER GOT A'AS (F) TRAVEL DOCUMENTS APPLICATIONS FROM THE BAHAMAS CONSULATE

13. IN MIAMI, FILLED THEM OUT AND GAVE IT TO MY SUPERVISION OFFICER. THE BAHAMAS CONSULATE DID NOT GAVE ME A TRAVEL DOCUMENT

ALSO PETITIONER WAS ORDER RELEASED IN NOVEMBER 13, 2007

14. ON ORDER OF SUPERVISION AND HAS REPORTED TO (DHS) FOR MONTHLY CHECK IN.
ON APRIL 11, 2019 AT KROME DETENTION CENTER PETITIONER WAS

4

GIVEN A FORM I-229(a) THAT READ PETITIONER'S FINAL ORDER WAS NOVEMBER 8, 2006 BY DEPORTATION OFFICER M. ALVAREZ SEE EXHIBIT(A)

15. To date, however, ICE has been unable to remove Petitioner to BAHAMAS or any other country. ON ~~APRIL~~ A.A.J ~~NOVEMBER~~ JULY 19, 2019 DEPORTATION OFFICER ENRIQUE J. GAVE PETITIONER A FORM I-229(a) THAT READ PETITIONER'S FINAL ORDER ORDER WAS NOVEMBER 8, 2006 WHICH HAD TO BE CORRECTED SEE EXHIBIT(B). THE OFFICER STATED THAT I WOULD NOT BE RELEASED AND THAT HE WOULD SEND MY CASE FOR REVIEW TO WASHINGTON. TO DATE THE BAHAMAS CONSULATE HAS STILL NOT ISSUED TRAVEL DOCUMENTS. On MAY 5, 2019 Petitioner was given a travel document application by D.O. Sonja Jenkins, He filled it out and gave it back to her, on that same day see EXHIBIT(E)

16. Petitioner has cooperated fully with all efforts by ICE to remove him from the United States. IN JUNE 2019, BY SPEAKING WITH THE BAHAMAS CONSULATE WITH DEPORTATION OFFICER SONJA JENKINS PRESENT BY SPEAKER PHONE, AND HAS SUBMITTED REQUEST TO OTHER COUNTRIES FOR TRAVEL DOCUMENTS SEE EXHIBIT(C) ICE HEADQUARTERS HAS NOT GIVEN PETITIONER HIS 180 DAYS REVIEW, TO DATE

17. Petitioner's custody status was first reviewed on MAY 16, 2019. On MAY 16, 2019, Petitioner was served with a written decision ordering his/her continued detention.

5

18. On <u>JUNE 19, 2019</u>, Petitioner was served with a notice transferring authority over his/her custody status to ICE Headquarters Post-Order Detention Unit ("HQPDU"). <u>ON OCTOBER 3, 2019 PETITIONER WAS FLOWN TO MISSISSIPPI, PETITIONER IS DETAINED IN A FEDERAL PRISON ADAMS COUNTY CORRECTIONAL CENTER, PETITIONER WROTE REQUESTS FOR HIS 180 DAYS REVIEW, GOT NO RESPONSE, ALSO SENT ICE HEADQUARTERS POST ORDER DETENTION UNIT ASKING FOR RELEASE ON SUPERVISION, GOT NO RESPONSES SEE EXHIBIT (D)</u>

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

19. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. Id. at 702. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court held that its ruling in Zadvydas applies equally to inadmissible aliens. Department of Homeland Security administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

20. Petitioner was ordered removed on <u>NOVEMBER 8, 2006</u> and the removal order became final on <u>DECEMBER 8, 2006</u>. Therefore, the six-month presumptively reasonable removal period for Petitioner ended on <u>MAY 8, 2007</u>.

## CLAIMS FOR RELIEF

### COUNT ONE

### STATUTORY VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraphs 1 through 20 above.

22. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The six-month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to _BAHAMAS_ or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in Zadvydas and Martinez that ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

### COUNT TWO

### SUBSTANTIVE DUE PROCESS VIOLATION

23. Petitioner re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

25. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling

government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. Zadvydas recognized that ICE may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six months. Petitioner has already been detained in excess of six months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

26. Petitioner re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

_Jones_
Petitioner

Anthony Jones #A79-451-300
Adams County Correctional Center
229-L-SC
P.O. Box 1600
Washington, MS 39190

12-9-19
Date executed

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC, ID # 1664, KASANDRA COUNCEL, Commission Expires June 9, 2020, JEFFERSON COUNTY]